ALAN E. NORRIS, Circuit Judge.
 

 Defendant, Michael Fish, appeals his conviction for unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and the enhancement of his sentence under 18 U.S.C. § 924(e)(1). He argues that the district court, 726 F.Supp. 156, erred by improperly conducting voir dire, denying his motion for judgment of acquittal where the government did not prove an interstate nexus, and enhancing his sentence pursuant to the Armed Career Criminal Act. For the reasons that follow, we affirm.
 

 I. Voir Dire
 

 Defendant first contends that the district court erred by refusing to use written questions submitted by defense counsel when the court questioned prospective jurors. The questions would have explored the jurors’ past experiences with firearms and their opinions concerning the right of any individual to own firearms. Trial judges enjoy considerable discretion in determining the questions to be asked in voir dire.
 
 United States v. Blount,
 
 479 F.2d 650, 651 (6th Cir.1973);
 
 see also Rosales-Lopez v. United States,
 
 451 U.S. 182, 188, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981) (“the adequacy of voir dire is not easily subject to appellate review”). Judges need not use every question submitted by counsel; they need only use those to which an anticipated response would afford the basis for a challenge for cause.
 

 After explaining that the defendant had been charged with a firearms-related offense, the court asked prospective jurors whether they or any of their friends or relatives had ever had any involvement in a similar type of case. The court also inquired into general prejudices, biases, and interests. Those questions elicited numerous responses pertaining to firearms. The judge then permitted counsel to further question the jurors and, when one voiced opposition to firearms’ ownership, the court dismissed that juror for cause. The trial court declined counsel’s request that he explore prospective jurors’ “general attitudes towards firearms,” since inquiring into a juror’s attitude toward conduct that is criminalized would not assist in selecting an impartial jury. The judge also noted that the questions which were asked elicited sufficient information to serve as the basis for challenge. Considering the thoroughness of the voir dire proceedings, we are unable to say that defendant has demonstrated error.
 

 II. Interstate Commerce Nexus
 

 Defendant next claims that the trial court erred in denying his motion for judgment of acquittal because the government failed to prove that the gun traveled through interstate commerce. We find no substance in this argument. This court has already determined that firearms possessed in a state other than the state of manufacture constitute firearms in or affecting commerce.
 
 United States v. Pedigo,
 
 879 F.2d 1315, 1319 (6th Cir.1989)
 
 (citing Scarborough v. United States,
 
 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)). Therefore, the government’s evidence that the firearm was manufactured outside the state of possession is sufficient to prove an interstate commerce nexus in defendant’s case.
 

 III. Enhanced Sentence
 

 Finally, defendant argues that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(e)(1), which provides:
 

 In the case of a person who violates section 922(g) of this title and has
 
 three previous convictions
 
 by any court referred to in section 922(g)(1) of this title
 
 for a violent felony
 
 ... such person shall be ... imprisoned not less than fifteen years____ (Emphasis added.)
 

 The term “violent felony” is defined in subsection (e)(2)(B) as
 
 *187
 
 any crime punishable by imprisonment for a term exceeding one year, ... that
 

 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 

 (ii) is
 
 burglary,
 
 arson, or extortion, involves use of explosives,
 
 or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 (Emphasis added.)
 

 Defendant had been convicted previously of ten felonies. Of those, four convictions under Michigan law could conceivably satisfy the “violent felony” requirement of the Armed Career Criminal Act: (1) breaking and entering of an occupied dwelling; (2) breaking and entering of an unoccupied dwelling; (3) attempted breaking and entering of an occupied dwelling; and (4) attempted breaking and entering of a business place.
 

 The district court found that the conviction for breaking and entering of an occupied building, as well as the conviction for breaking and entering an unoccupied building, qualified as violent felonies, since they both constituted burglary under subsection (e)(2)(B)(ii). The court reasoned that the word “burglary” as it is used in section 924(e)(2)(B)(ii) does not refer to the common law crime of burglary, but is broader in scope and includes entering a building which is the property of another with the intent to commit an offense. The court also concluded that defendant’s convictions for attempted breaking and entering were violent felonies within the meaning of the “otherwise” clause of subsection (e)(2)(B)(ii), because they are crimes which pose a serious potential risk of physical injury. Accordingly, the court determined that all four prior convictions qualified as predicate violent felonies under section 924(e)(1).
 

 In the course of its recent examination regarding Congress’ intent in including the term “burglary” in section 924(e)(2)(B)(ii), the Supreme Court noted:
 

 The legislative history ... indicates that Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion as a predicate offense ... because of its inherent potential for harm to persons. The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender’s own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape. Congress apparently thought that all burglaries serious enough to be punishable by imprisonment for more than a year constituted a category of crimes that shared this potential for violence, and that were likely to be committed by career criminals. There never was any proposal to limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.
 

 It seems to us to be implausible that Congress intended the meaning of “burglary” for purposes of § 924(e) to depend on the definition adopted by the State of conviction. That would mean that a person convicted of unlawful possession of a firearm would, or would not, receive a sentence enhancement based on exactly the same conduct, depending on whether the State of his prior conviction happened to call that conduct “burglary.”
 

 Taylor v. United States,
 
 — U.S. —, 110 S.Ct. 2143, 2152-53, 2154, 109 L.Ed.2d 607 (1990).
 

 The Supreme Court went on to reject a definition of burglary consistent with the common law in favor of a more contemporary meaning:
 

 We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.
 

 
 *188
 

 Taylor,
 
 110 S.Ct. at 2158. Accordingly, a conviction in a state where the applicable statute contains the essential elements outlined by the Supreme Court will qualify as “burglary” for enhanced sentencing.
 

 Rather than use the term “burglary,” the relevant Michigan statute classifies conduct into several grades of breaking and entering:
 

 Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any such of buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years. Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment in the state prison for not more than 15 years____
 

 Mich.Comp.Laws Ann. § 750.110 (West Supp.1990). Comparing the elements of this section to the Supreme Court’s definition of “burglary” in
 
 Taylor,
 
 we conclude that defendant’s convictions for breaking and entering of an occupied dwelling, and breaking and entering of an unoccupied dwelling qualify as “burglary.”
 

 The only remaining issue is whether defendant’s convictions for attempted breaking and entering of an occupied dwelling, and attempted breaking and entering of a business place qualify as burglary under section 924(e). A conviction under the Michigan statute for breaking and entering either an occupied building or a business place would constitute burglary under the
 
 Taylor
 
 definition. The question is whether convictions for
 
 attempted
 
 burglary satisfy the requirements of section 924. We need not discuss this issue at length because we addressed the very same issue in
 
 United States v. Lane,
 
 909 F.2d 895, 903 (6th Cir.1990):
 

 “The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.” The fact that [defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary. Therefore, we hold that [defendant’s] conviction for attempted burglary is a “violent felony” under the “otherwise” clause of § 924(e)(2)(B)(ii). (Citations omitted.)
 

 Since all four of defendant’s prior convictions qualify as violent felonies, the district court did not err in enhancing defendant’s sentence pursuant to the Armed Career Criminal Act.
 

 For the reasons stated, the judgment of the district court is affirmed.