940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judge Jerome WHITE, Defendant-Appellant.
 No. 90-2149.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Judge Jerome White, appeals from his conviction of being a felon in possession of a firearm and his subsequent sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e)(1). White argues on appeal that: (1) his trial counsel was ineffective, (2) a statement he made to the police immediately after his arrest should have been suppressed, and (3) it was error to sentence him pursuant to the provisions of the ACCA.
 
 
 2
 Upon a review of the record, we find that all three claims of error are without merit and we affirm.
 
 I.
 
 3
 The events that gave rise to this prosecution occurred on October 9, 1989, when the defendant and David Connor got into an argument that escalated into a fist fight. The encounter temporarily subsided with each man leaving the area. They both returned, however, Connor with a knife and White with a pistol. White ended up shooting Connor in the foot, after which he fled the scene. Witnesses gave the police details and descriptions and White was arrested in an auto shortly thereafter. The arresting officer had observed White remove a paper bag from inside his jacket and drop it to the floor of the car. The bag contained a .22 caliber pistol. Since White was a convicted felon, the local police turned the case over to federal authorities for prosecution.
 
 
 4
 White was subsequently charged in a one-count indictment with a violation of 18 U.S.C. Sec. 922(g). He was found guilty after a jury trial, and due to prior felony convictions was sentenced under the enhanced sentencing procedures of 18 U.S.C. Sec. 924(e).
 
 II.
 
 5
 After his conviction, but prior to sentencing, White requested that a new attorney be appointed to represent him. This request was granted. White then filed a motion for new trial based on the ineffective assistance of his trial counsel. An evidentiary hearing was conducted on October 9, 1990, and resulted in the denial of White's motion for new trial.
 
 
 6
 Although White pointed to several alleged incidents of ineffective assistance of trial counsel in the district court, he has limited his argument to one claim on appeal. White argues that he was advised by his trial counsel to turn down a plea bargain offered by the government and was further told he could win his case on a self-defense theory. The defendant also claims that he was never informed of his possible exposure to the enhanced sentencing provisions of the ACCA.
 
 
 7
 The district judge held an evidentiary hearing on these claims, and White's trial counsel and one of his associates from the Federal Defender's Office both testified along with White. Trial counsel, corroborated by his associate who was present during the relevant conversations, indicated that White was not advised to reject the plea bargain, nor were any representations made as to the chances of success if the case went to trial.
 
 
 8
 Further testimony established that, contrary to White's assertions, he had known about the Armed Career Criminal Act from the day he first appeared in federal court. Transcripts from previous detention hearings were admitted which clearly showed that White had been fully notified of the government's intent to pursue the Armed Career Criminal Act and its 15-year minimum sentence exposure. On cross-examination White admitted he was present at those hearings.
 
 
 9
 The trial judge resolved the issue on the basis of credibility. Defense counsel and his associate were both experienced and well-respected members of the Federal Defender's Office. In opposition to their detailed testimony was only the self-serving statement of the defendant. We reverse credibility determinations only if clearly erroneous. Here we believe Judge Woods correctly resolved the matter before him.
 
 III.
 
 10
 When White was arrested after the police officer found the gun in the car, he was told he was being placed under arrest for carrying a concealed weapon and for shooting Connor. White immediately stated "What gun, I didn't have a gun." This statement was made before any Miranda warnings were given, and it is on this basis that the defendant claims it should have been suppressed.
 
 
 11
 In order to invoke the procedural safeguards of Miranda v. Arizona, 384 U.S. 436 (1966), two prerequisites must be met. The suspect must be in custody and there must be an attempt to elicit relevant information. Here, White was clearly in custody, but the officer asked no questions. He merely informed the defendant he was under arrest and told him the reason. Miranda is not implicated under these circumstances.
 
 IV.
 
 12
 The Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1), provides in relevant part:
 
 
 13
 (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....
 
 
 14
 White's prior criminal record consisted of five prior felony convictions, two for breaking and entering and three for attempted breaking and entering. The government contended that the attempted breaking and entering convictions qualified as violent felonies for enhanced sentencing purposes. White argued that they did not. The trial court ruled that the convictions qualified as violent felonies and sentenced White to fifteen years imprisonment.
 
 
 15
 We need spend but little time on this issue, since a previous panel of this court has resolved this same issue interpreting Michigan law, as we must here, in a manner contrary to that argued by the defendant. In United States v. Fish, 928 F.2d 185, 188 (6th Cir.1991), we held:
 
 
 16
 The only remaining issue is whether defendant's convictions for attempted breaking and entering of an occupied dwelling, and attempted breaking and entering of a business place qualify as burglary under section 924(e). A conviction under the Michigan statute for breaking and entering either an occupied building or a business place would constitute burglary under the Taylor definition. The question is whether convictions for attempted burglary satisfy the requirements of section 924. We need not discuss this issue at length because we addressed the very same issue in United States v. Lane, 909 F.2d 895, 903 (6th Cir.1990):
 
 
 17
 "The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." The fact that [defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary. Therefore, we hold that [defendant's] conviction for attempted burglary is a "violent felony" under the "otherwise" clause of Sec. 924(e)(2)(B)(ii). (Citations omitted.)
 
 
 18
 Since we are bound by this prior decision, we conclude the trial court did not err in considering the three prior attempted breaking and entering convictions as "violent felonies."
 
 
 19
 AFFIRMED.