946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher L. ALLEN, also known as Christopher Lamar Allen,
Defendant-Appellant.
 No. 91-1248.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Christopher Lamar Allen appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and his mandatory minimum fifteen year sentence because he had been convicted three times of a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("the Act"). For the following reasons, we affirm.
 
 I.
 
 2
 On May 14, 1990 uniformed Detroit Police Officers Pride Johnson and John Patterson were patrolling in a marked police vehicle near the Fantasy Lounge in northeast Detroit. After notifying dispatch that shots had been fired, Officer Johnson exited the vehicle to investigate. Upon searching the front of the lounge, Officer Johnson observed defendant with a handgun. Johnson chased defendant. Defendant exchanged gunfire with the officers. Defendant was apprehended, but no firearm was found on defendant or in the immediate area.
 
 
 3
 After defendant's arrest, Police Officer Deborah Carter participated in the search for the firearm. She recovered a Charter Arms, .38 caliber, 5 shot revolver, serial no. 977758, in the street near the corner where the exchange of gunfire occurred. Officer Carter found three spent casings and two live rounds in the revolver. She placed a Detroit Police Department evidence tag on the gun and the two live rounds of ammunition. Carter also placed an evidence tag on the three spent .38 caliber cartridges. She later turned the weapon over to homicide.
 
 
 4
 Defendant was charged on June 7, 1990 in a one count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 26, 1990 the government filed a notice that, upon conviction, defendant would be subject to a mandatory minimum fifteen year sentence because he had been convicted three times of "a violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). A jury found defendant guilty of the 922(g)(1) violation on November 13, 1990.
 
 
 5
 Thereafter, the government filed a motion for application of the enhanced sentencing provision of the Act. On February 5, 1991 the district court concluded that defendant's convictions for armed robbery, unarmed robbery, and attempted breaking and entering an occupied dwelling constituted the predicate violent felonies required for application of the enhanced sentencing provisions of the Act. Defendant was sentenced accordingly on February 14, 1991. This appeal followed.
 
 II.
 
 6
 In his first argument on appeal, defendant contends that the trial court committed reversible error in admitting the weapon into evidence on the grounds that the chain of custody was not adequately demonstrated by the government.
 
 
 7
 On appeal, allegations of erroneous evidentiary rulings by the trial court are to be analyzed for an abuse of discretion. United States v. Levy, 904 F.2d 1026, 1029 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Further, "[a]bsent a clear showing of abuse of discretion, challenges to the chain of custody go to the weight of evidence, not its admissibility." Id. at 1030 (citations omitted).
 
 
 8
 Our review of the record reveals that the district court did not abuse its discretion in admitting the items. Officer Carter positively identified the .38 caliber Charter Arms revolver she found on May 14, 1990. Carter identified the firearm by appearance, the serial number, the evidence tag, and the signature on the evidence tag. (Carter, Tr. 126, 128). In admitting the evidence, the district court specifically found that "we have a very specific physical object that has a serial number on it" and that Officer Carter testified very clearly that the weapon presented to her in court was exactly the same weapon she found. (Tr. 153-155). Because any weakness in the chain of custody goes to weight and not admissibility, there is no abuse of discretion. See Levy, 904 F.2d at 1030.
 
 
 9
 Defendant next argues that the district court erred in finding that defendant's attempted breaking and entering of an occupied dwelling conviction qualified as a predicate violent felony under 18 U.S.C. § 924(e)(1) of the Act.
 
 
 10
 This contention is likewise without merit. As defendant concedes, this court has unequivocally held that convictions for attempted breaking and entering constitute violent felonies under the "otherwise" clause of 18 U.S.C. § 924(e)(2)(B)(ii). See United States v. Lane, 909 F.2d 895, 903 (6th Cir.1990), cert. denied, 111 S.Ct. 977 (1991); United States v. Fish, 928 F.2d 185, 188 (6th Cir.1991). There is no error in defendant's sentence. Accordingly, we AFFIRM the district court.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation