979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Clifton SHULER, Defendant-Appellant.
 No. 92-5661.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Carl Clifton Shuler, a federal prisoner, appeals through counsel the district court's judgment of conviction on a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 2
 A jury convicted Shuler of the charge described above on February 25, 1992, following a one-day trial. He was sentenced on May 4, 1992, to 235 months imprisonment and 5 years supervised release, based upon his status as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.
 
 
 3
 On appeal, Shuler argues that the evidence was insufficient to sustain a conviction under § 922(g)(1).
 
 
 4
 Upon review, we affirm the district court's judgment because a rational finder of fact could accept the evidence as establishing each element of the crime, when viewed in the light most favorable to the prosecution. See United States v. Powell, 469 U.S. 57, 67 (1984); United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986).
 
 
 5
 To sustain a conviction under § 922(g)(1), the prosecution must prove:
 
 
 6
 (1) The defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
 
 
 7
 (2) The defendant knowingly possessed a firearm; and
 
 
 8
 (3) The possession was in or affected interstate commerce.
 
 
 9
 The parties stipulated to the first element. Shuler's argument as to the third element is meritless. It is established that the element that a firearm must be possessed in or affecting interstate commerce is satisfied by a showing that it was possessed in a state other than the state of manufacture. See United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991).
 
 
 10
 Shuler's principal argument on appeal relates to the second element that requires knowing possession. Testimony presented at trial, however, was sufficient, if believed by the jury, to establish that Shuler had constructive possession of the gun at the time it was found Constructive possession occurs when a person knowingly has the power and the intention at a given time to exercise control over the firearm either directly or through others. See United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). Circumstantial evidence may support a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 11
 Testimony established, and Shuler concedes, that Shuler was in actual possession of the gun on several occasions between January and March 1991. However, Shuler argues that the government did not prove that he was in knowing possession of the gun on May 7, 1991, when it was found wrapped in a shirt on the floorboard of the car in which he was a passenger. Shuler relies on the testimony of his estranged wife, who testified that she had placed the gun without his knowledge under the passenger seat of the car owned by her husband's girlfriend. She stated that she hated him and knew that if he was found to have a gun in his possession, he would go to jail. But, given the inconsistencies in her testimony, the jury could have disbelieved Mrs. Shuler's statement that she planted the gun in the car. Shuler's proximity to the poorly-concealed gun which he had admittedly possessed on previous occasions was sufficient for the jury to find that he exercised control over the gun on May 7, 1991.
 
 
 12
 Accordingly, the district court's judgment, entered May 4, 1992, is affirmed.