985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor William LEFFLER, Defendant-Appellant.
 No. 92-1898.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Victor William Leffler pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(d), as enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). The district court sentenced Leffler to a fifteen (15) year term of incarceration to be served concurrently with a Michigan state sentence. Leffler did not take a direct appeal from this conviction.
 
 
 3
 Leffler subsequently filed a motion to vacate sentence under 28 U.S.C. § 2255 in which he challenged his conviction on ineffective assistance of counsel grounds. The district court ultimately denied the relief sought and this appeal followed. The parties have briefed the issues; Leffler is proceeding without counsel.
 
 
 4
 Leffler contends that his guilty plea was involuntary because: 1) his attorney did not attempt to establish that Leffler had not personally transported the firearms in interstate commerce, and 2) his prior "breaking and entering" conviction was not a violent felony within the meaning of the Armed Career Criminal Act. Leffler thus bears the burden of showing that his counsel's performance was actually deficient and that, but for this deficient performance, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). Leffler has failed to carry this burden.
 
 
 5
 The fact that Leffler may not have personally transported the firearms in question across state lines is no defense to a charge under 18 U.S.C. § 924(g)(1). The nexus between possession and commerce is satisfied by proof of possession in a state other than the state of manufacture. United States v. Pedigo, 879 F.2d 1315, 1319 (6th Cir.1989) (citing Scarborough v. United States, 431 U.S. 563 (1977)). Leffler contends that his trial counsel failed to advise him that his prior Michigan state conviction for breaking and entering (under Mich.Comp.Laws § 750.110) was not a violent felony as that term is used in 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act's predicate offenses section. A panel of this court, however, has clearly held that a conviction for breaking and entering under Mich.Comp.Laws § 750.110 is a violent felony within the meaning of 18 U.S.C. § 924(e)(1). United States v. Fish, 928 F.2d 185, 186-88 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.