995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin WASHINGTON, Defendant-Appellant.
 No. 92-6056.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Calvin Washington appeals his jury conviction and sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and for carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Washington was sentenced to consecutive terms of imprisonment of six years and six months for drug trafficking and five years for the firearm offense. For the following reasons, we affirm the district court.
 
 
 2
 On June 8, 1991, James Blackwell, an undercover law enforcement officer in Memphis, Tennessee, planned to make a purchase of cocaine from Calvin Washington. Blackwell accompanied Jinnie Thompson, a confidential informant, to Washington's home at 2423 Manchester in Memphis. Blackwell wore a body-transmitting wire, which allowed back-up officers in a car located nearby to hear his conversations.
 
 
 3
 When Blackwell and Thompson arrived, Washington met them outside of the house. Blackwell asked Washington to bring the cocaine for sale out to the driveway. Washington reentered the house and returned with a plastic bag, which he handed to Blackwell. Blackwell then told Washington that he would get the money for the cocaine from his car. At this point, the back-up officers arrested Washington and seized the bag of suspected cocaine. The officers also found and seized a loaded automatic pistol in Washington's pants pocket when they patted him down. Subsequent laboratory tests revealed that the bag contained approximately twenty-three grams of cocaine base and twenty-eight grams of cocaine powder. The officers did not execute a search warrant that they had obtained for Washington's house on Manchester because Blackwell believed that there was an error in the address on the search warrant.
 
 
 4
 On June 20, 1991, a federal grand jury returned a three-count indictment charging Washington with possession with intent to distribute cocaine powder and cocaine base and carrying a firearm during a drug trafficking offense. On October 23, the grand jury issued a five-count superseding indictment. The United States dismissed the first two counts before trial. The third and fourth counts charged violations of 18 U.S.C. § 841(a)(1) in the amounts of 23.6 grams of cocaine base and 28.5 grams of cocaine respectively. The fifth count charged a violation of 18 U.S.C. § 924(c).
 
 
 5
 Washington filed a motion to suppress evidence, a motion to dismiss by reason of an illegal arrest, and a motion to dismiss for outrageous conduct. An evidentiary hearing was held on all of these motions, and the district court denied all three motions on January 6, 1992. After a two-day trial, the jury found Washington guilty on all three remaining counts on March 12. The district court sentenced Washington to eleven years and six months of imprisonment based on consecutive sentences of six years and six months for drug trafficking and five years for the firearms offense. Washington filed a timely notice of appeal.
 
 
 6
 We first address the issue of denial of an impartial trial resulting from excessive involvement of the judge. Washington argues that the Sixth Amendment was violated because the district court judge overstepped her bounds. Specifically, Washington contends that the trial judge improperly asked the prosecution to rephrase questions to Blackwell to show that Jinnie Thompson was not cooperating in exchange for favorable treatment in connection with any criminal charge. Next, according to Washington, the court improperly prompted the prosecution to explain what the police property room is. By making such an explanation a condition for admitting the evidence, the judge suggested to the prosecution a method of bolstering its case. Third, Washington argues that the court made unnecessary comments during the defense's objections. Fourth, Washington asserts that the judge intruded upon his counsel's cross-examination for the impeachment of witnesses. Fifth, Washington claims that the court's comments on the length of the trial prejudiced his case. Our review of the record indicates that the potential for prejudice as a result of any of the comments at issue was minimal. The district court's efforts to prevent confusion among the jurors were proper. See United States v. Seago, 930 F.2d 482, 492 (6th Cir.1991) (permitting intrusion by the trial court judge "when there is a need for clarification in a lengthy or complex trial, when the witness proffers incredible testimony that is not adequately probed by counsel, or when the witness has become confused").
 
 
 7
 Washington asserts that the district court erred in failing to grant his motion to dismiss for outrageous conduct. Washington claims that the police actions in this case were fundamentally unfair, thereby depriving him of his Fifth Amendment right to due process. Washington contends that he did not engage in cocaine transactions before the police became involved and that police improperly urged him to commit a crime. However, there is evidence in the record that Washington was involved in the cocaine trade; therefore, the conduct by police was not outrageous so as to warrant a dismissal of the charges.
 
 
 8
 Another issue is whether there was sufficient evidence for the firearm conviction under 18 U.S.C. § 924(c). The standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Section 924(c) imposes an additional sentence on anyone who "uses or carries a firearm" during a drug trafficking crime. 18 U.S.C. § 924(c)(1). The record in this case indicates that police found the pistol in Washington's right rear pants pocket immediately after Washington delivered the cocaine. The evidence clearly indicates that Washington carried the weapon during the drug transaction. Therefore, the evidence was sufficient for a conviction on the firearms charge.
 
 
 9
 On the issue of voir dire, Washington contends that the district court improperly refused to use some questions that Washington submitted about police credibility and whether possession made a person guilty. However, the district court is allowed considerable discretion in determining what questions to allow. United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991). After reviewing the record, we do not believe that the district court's refusal to permit all questions requested by Washington rose to the level of an abuse of discretion.
 
 
 10
 Washington also alleges that venue was not properly established. The United States requested the district court to take judicial notice of the fact that 2424 Manchester was located in the Western District of Tennessee, but the relevant address actually was 2423 Manchester. We need not address this issue, however, because Washington never objected to venue before the verdict was rendered. If there is no objection to venue prior to the verdict, any such objection is waived. United States v. McMaster, 343 F.2d 176, 181 (6th Cir.1965) (citations omitted).
 
 
 11
 Washington contends that the district court denied his right to a fair trial because he was compelled to reveal trial strategy prior to trial. The United States made a motion in limine that no mention be made of counts one and two of the original indictment because cocaine that would have supported those counts had accidentally been destroyed by police officers. Before granting the motion, the district court asked Washington whether he needed to present evidence of the cocaine at issue as part of an entrapment defense. Such a defense would have made testimony about the destroyed cocaine relevant and would have some bearing on the district court's determination. The record does not reflect that Washington disclosed any trial strategy that prejudiced his right to a fair trial. Consequently, this argument is without merit.
 
 
 12
 Washington also challenges the admission of certain evidence. First, he objects to the introduction of cocaine for which he claims the United States failed to establish the proper chain of custody. However, Washington fails to put forward any evidence of intermediate tampering. "Absent some showing by the defendant that the exhibits have been tampered with, it will not be presumed that the investigators who had custody of them would do so." United States v. Wood, 695 F.2d 459, 462 (10th Cir.1982). Another question related to the admissibility of Washington's statements to the undercover officer during the sting operation and before warnings were given in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). We find no error because Washington was not in custody at the time the statements were made; therefore, the statements were properly admitted.
 
 
 13
 Washington contends that 21 U.S.C. § 841 is unconstitutional because it does not define "cocaine base" adequately. This argument is completely meritless. In United States v. Levy, 904 F.2d 1026, 1033 (6th Cir.1990), we stated that Congressional intent was clear as to what substance it called "cocaine base." The holding in Levy is determinative in the instant case.
 
 
 14
 Washington's final argument is that the district court erred in denying an adjustment for acceptance of responsibility pursuant to Sentencing Guidelines § 3E.1. We review this determination under the clearly erroneous standard. United States v. Carroll, 893 F.2d 1502, 1511 (6th Cir.1990). The district court judgment on this question will almost always be affirmed because the district court's assessment will depend heavily on determinations of credibility. Id. After examining the record, we conclude that the district court decision was not clearly erroneous.
 
 
 15
 For the reasons given, we affirm Washington's conviction and sentence.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation