39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance NEWBY, Defendant-Appellant.
 No. 93-2476.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Terrance Newby appeals from his judgment of conviction and sentence following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). The district court determined that the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(c), applied to this case and sentenced Newby to 210 months of imprisonment, three years of supervised release, and imposed a fifty dollar special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Newby argues that the district court improperly concluded that he had three prior violent felonies as is required for sentencing pursuant to Sec. 924(e). Specifically, Newby argues that his conviction in Michigan for attempted breaking and entering should not be counted as a violent felony under the ACCA. However, he acknowledges that this court has previously determined that attempted breaking and entering as defined by the Michigan statute is a violent felony under the ACCA. See United States v. Johnson, 22 F.3d 674, 683 (6th Cir.1994); United States v. Fish, 928 F.2d 185, 188 (6th Cir.), cert. denied, 112 S.Ct. 115 (1991); United States v. Lane, 909 F.2d 895, 901 (6th Cir.1990), cert. denied, 498 U.S. 1093 (1991). While Newby argues that this court should reconsider those opinions and adopt a new rule examining the facts of Newby's underlying conviction, this panel is bound by the reported opinions of previous panels and may not overrule a published opinion of a prior panel. See Sec. 10.2, Court Policies, United States Court of Appeals for the Sixth Circuit; United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993).
 
 
 3
 Accordingly, we deny Newby's request for oral argument and affirm the district court's judgment of conviction and sentence. Rule 9(b)(3), Rules of the Sixth Circuit.