95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond BURROW, also known as Jeffrey Love, also known as
Raymond Burrows, Defendant-Appellant.
 No. 95-6060.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Raymond Burrow appeals his jury conviction and the sentence that he received for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The evidence at trial indicated that Burrow was a felon and that a pistol was recovered from him in Tennessee which had been manufactured in California. Our court has held that the interstate commerce requirement of 18 U.S.C. § 922(g) is satisfied by evidence establishing that a firearm was possessed by a felon in a state other than the state in which it was manufactured. See United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 502 U.S. 834 (1991). Nevertheless, Burrow now argues that this evidence was not sufficient to satisfy the interstate commerce requirement of the statute. Cf. United States v. Lopez, 115 S.Ct. 1624, 1631-34 (1995). In Lopez, the Supreme Court held that Congress had exceeded its authority under the Commerce Clause by enacting 18 U.S.C. § 922(q), a statute that criminalized the possession of a firearm in a school zone, because the proscribed conduct did not have a sufficient impact on interstate commerce. Id. However, Burrow's reliance on Lopez is unavailing, as our court has determined that the holding in that case does not apply to felony firearm convictions under 18 U.S.C. § 922(g). United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996) (collecting cases).
 
 
 3
 Requiring the government in each case to prove that a felon has possessed a firearm "in or affecting commerce" ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q). Accordingly, we hold that § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause.
 
 
 4
 Id.; see also United States v. Bradford, 78 F.3d 1216, 1222-23 (7th Cir.), cert. denied, 116 S.Ct. 1581 (1996).
 
 
 5
 Burrow also argues that the trial court should have made a downward departure from the applicable guideline range based on his age, his health, the age of his prior convictions and the length of his sentence. When read as a whole, the trial judge's comments at sentencing clearly show that he was aware of his limited discretion to depart downward from the prescribed guideline range in unusual cases, even though he found that such a departure was not warranted in Burrow's case. See United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). Hence, the district court's decision not to exercise that discretion is simply not cognizable on appeal. See id; United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993).
 
 
 6
 Accordingly, the district court's judgment is affirmed.