107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George ZIMMERMAN, Defendant-Appellant.
 No. 96-3283.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 George Zimmerman pleaded guilty to being an armed career criminal and a felon in possession of a firearm, violations of 18 U.S.C. §§ 922(g)(1) and 924(e). On February 29, 1996, he was sentenced to 180 months of imprisonment and three years of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Zimmerman reserved two issues for appeal: 1) an alleged violation of the Speedy Trial Act; and 2) a challenge to the constitutionality of 18 U.S.C. § 922(g). However, Zimmerman has not raised any arguments regarding the Speedy Trial Act in his appellate briefs. He has, therefore, abandoned this claim for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 3
 The parties entered a stipulation which indicated that Zimmerman had four prior felony convictions, that his civil rights had not been restored, and that he knew that he was prohibited from possessing a firearm. The stipulation also plainly indicated that Zimmerman possessed a firearm in Ohio which had been manufactured in Massachusetts. Our court has held that the interstate commerce requirement of 18 U.S.C. § 922(g) is satisfied by evidence that a felon possessed a firearm in a state other than the state where it was manufactured. See United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 502 U.S. 834 (1991). Thus, the stipulation shows that there was a sufficient factual basis for Zimmerman's guilty plea.
 
 
 4
 Nevertheless, Zimmerman now argues that mere possession of a pistol which had been manufactured in another state is not sufficient to satisfy the interstate commerce requirement of § 922(g). He relies on United States v. Lopez, 115 S.Ct. 1624, 1631-34 (1995), which held that Congress had exceeded its authority under the Commerce Clause by enacting 18 U.S.C. § 922(q), a statute that criminalized the possession of a firearm in a school zone, because the proscribed conduct did not have a sufficient impact on interstate commerce.
 
 
 5
 Zimmerman's challenge to the facial validity of the felony firearm statute is unavailing, as our court has already held that § 922(g) is constitutional despite the holding in Lopez. See United States v. Turner, 77 F.3d 887, 888-89 (6th Cir.1996) (collecting cases).
 
 
 6
 Requiring the government in each case to prove that a felon has possessed a firearm "in or affecting commerce" ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q). Accordingly, we hold that § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause.
 
 
 7
 Id. at 889; see also United States v. Chesney, 86 F.3d 564, 568-70 (6th Cir.1996).
 
 
 8
 Zimmerman also argues that the holding in Lopez shows that the felony firearm statute was unconstitutional as applied to the facts of his case. However, the court in Chesney held that there was sufficient support for Congress's regulation of a defendant's conduct under the Commerce Clause, because the defendant stipulated that he possessed a firearm which had moved in interstate commerce. 86 F.3d at 570-72. Zimmerman concedes that his argument rests upon facts indistinguishable from those that were before the court in Chesney. Hence, his constitutional challenge to the application of § 922(g) is also unavailing, as it is controlled by the holding in that case. See United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996).
 
 
 9
 Accordingly, the district court's judgment is affirmed.