**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Ray KISOR, II, Defendant—
Appellant.**

No. 02–5578.

United States Court of Appeals,
Sixth Circuit.

June 22, 2004.

Richard Leigh Grinalds, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Bruce I. Griffey, Office of Bruce Irwin Griffey, Memphis, TN, for Defendant–Appellant.

Before: MOORE, and ROGERS, Circuit Judges; and FORESTER, District Judge.[1]

## OPINION

FORESTER, District Judge.

The Defendant–Appellant, William Ray Kisor, II, stands convicted of using a facility or means of interstate commerce— electronic mail, instant messages and long distance telephone conversations to knowingly persuade, induce, entice, coerce and attempt to persuade, induce, entice, and coerce a minor to engage in prohibited sexual acts in violation of 18 U.S.C. § 2422(b). Kisor now appeals, arguing that the district court abused its discretion by refusing to ask one of Kisor's tendered questions to the jury during voir dire. For the following reasons, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In October of 2000. Kisor, who was then thirty-two years old and lived in Wellston. Ohio. met a minor female, identified as J.F., who was then sixteen years old and lived in Paris. Tennessee, in an internet chat room. For several months, the

---

**1.** The Honorable Karl S. Forester, Chief Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

two communicated with each other through electronic mail, instant messages, and long distance telephone conversations. Many of these communications involved graphic descriptions of sexual desires and sexual role playing. Kisor does not dispute the fact that he initiated some of these communications.

On March 13, 2001, J.F.'s mother. Donna Gay Francisco, became suspicious when J.F.'s name appeared on her high school's daily absentee list. Francisco began looking for her daughter and eventually located her truck in front of a room at a local motel. Francisco knocked on the door of that room, and Kisor opened the door wearing only his boxer shorts. Francisco recognized the clothes on the motel room floor as belonging to J.F., and heard J.F. in the bathroom. In response to Francisco's questioning, Kisor admitted that he knew that J.F. was only sixteen years old and that he knew that it was illegal to cross state lines into the State of Tennessee to engage in sexual activity with a minor. Francisco called the police, and Kisor was arrested.

A federal grand jury returned a two count indictment against Kisor, Count One charged Kisor with persuading, inducing, enticing, or coercing and attempting to persuade, induce, entice, or coerce a minor to engage in sexual acts that constitute a prosecutable offense under Tennessee law[2] in violation of 18 U.S.C. § 2422(b).[3] Count Two sought forfeiture of any instruments used by Kisor in committing the offense in accordance with 18 U.S.C. § 2253.

At trial in January of 2002, Kisor requested that the district court ask potential jurors the following question during voir dire: "Whether they believe a 16 year old girl can persuade an adult male to engage in sexual activity?" The district court denied Kisor's request on the grounds that the answer to the question would not be relevant. A jury was empaneled and Kisor was convicted on Count One. The jury also determined that specified items were subject to forfeiture under Count Two. Kisor timely filed the instant appeal, claiming that the district court abused its discretion by failing to ask Kisor's proposed question during voir dire. This is the sole issue on appeal.

## II. STANDARD OF REVIEW

This Court has articulated the following standard of review of district courts' conduct of voir dire:

> In reviewing the district court's voir dire in this case, we must determine whether the court 'abused the broad discretion vested in [it] by the rulings of the Supreme Court of the United States in [its] impaneling of [the] jury.' *United States v. Phibbs,* 999 F.2d 1053, 1071 (6th Cir. 1993) (quoting *United States v. Blanton,* 719 F.2d 815, 822 (6th Cir.1983)), remaining mindful of the fact that a district court 'retains great latitude in deciding what questions should be asked on voir dire.' *Mu'Min v. Virginia,* 500 U.S. 415, 424, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991). We ascertain only whether the district court ensured that Middleton had 'a fair trial by a panel of impartial, "indifferent" jurors.' *Irvin v.*

**2.** Tennessee Code Annotated § 39–13–506 provides in pertinent part as follows: "Statutory rape—(a) Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18)

years of age and the defendant is at least four (4) years older than the victim . . . (c) Statutory rape is a Class E felony."

**3.** This section was amended after Kisor was indicted.

*Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). Only in the absence of a fair trial is reversal warranted. *See id.*

*United States v. Middleton*, 246 F.3d 825, 834–35 (6th Cir.2001).

## III. ANALYSIS

The district court did not abuse its discretion in declining to ask Kisor's proposed question during voir dire. "Judges need not use every question submitted by counsel; they need only use those to which an anticipated response would afford the basis for a challenge for cause." *United States v. Fish*, 928 F.2d 185, 185 (6th Cir.1991). A challenge for cause is subject to the district court's approval and must be supported by a finding of actual or implied bias. *Hughes v. United States*, 258 F.3d 453, 458 (6th Cir.2001). Kisor's proposed question could not have been expected to elicit a response that would have provided a basis for a challenge for cause because no possible answer to the question would have shown actual or implied bias.

Kisor contends that the district court's refusal to ask his proposed question prevented him from discovering whether potential jurors were biased. He maintains that, because his intended defense was that J.F. persuaded him to engage in sexual activity, it was necessary for him to discover whether potential jurors would be willing to find a sixteen year old girl capable of such persuasion. In raising this claim, Kisor presupposes that there were two possible outcomes at trial. First, the jury could find that he persuaded J.F. to engage in sexual activity. Kisor does not dispute that, upon such a finding, the jury would be required to find him guilty of the offense. Second, the jury could find that J.F. persuaded Kisor to engage in sexual activity. Kisor contends that, upon such a finding, the jury would be required to find him not guilty of the offense.

Kisor's argument is based upon an incorrect framing of the relevant possibilities at trial. Under Kisor's construct, either he persuaded J.F. or J.F. persuaded him. This flawed construct ignores other possibilities, namely that Kisor and J.F. engaged in mutual persuasion or that neither Kisor nor J.F. needed any persuading. The reality of these additional possibilities becomes ever clearer once the rest of the statutory possibilities—enticing, inducing, coercing or attempting to persuade, entice, induce, or coerce—are considered.

Kisor has failed to explain why a juror who believed that J.F. could not have persuaded Kisor into engaging in sexual activity would be unable to follow the district court's instructions and decide the case on the evidence presented at trial. Even if a juror refused to believe that J.F. could have persuaded Kisor to engage in sexual activity, that juror could still conclude, on the basis of J.F.'s conduct, that Kisor did not violate 18 U.S.C. § 2422(b) because J.F. needed no persuading, enticing, inducing, or coercing to participate in sexual activity. The jury was charged with determining the lawfulness of Kisor's conduct—not J.F.'s conduct—and the district court did not abuse its discretion by refusing to ask Kisor's proposed question during voir dire.

## IV. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.