## STATE v. JOSEPH F. GESHICK.

168 N. W. (2d) 331.

May 16, 1969—No. 41276.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *John E. MacGibbon,* County Attorney, and *Robert B. Danforth,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

This is an appeal from judgment of conviction and sentence for the offense of attempted first-degree murder. Defendant contends that the verdict is not supported by the evidence.

At the time of the alleged crime, May 1, 1967, both defendant, Joseph F. Geshick, and the victim, George L. Clay, were inmates at the St. Cloud Reformatory. Prior to the commission of the offense, it was observed that there was hostility between the two men. About 3 weeks earlier there had been an altercation with inconclusive results. On May 1, 1967, Clay returned to his cell after lunch. Contrary to prison rules, defendant followed and entered the cell after him. It would appear from the evidence that, as Clay stood with his back to the door getting cigarettes from his locker, defendant approached from the rear with a knife and stabbed him in the back. The evidence would indicate that Geshick removed the knife and was about to strike him again when Clay knocked it from his hand to the floor. A scuffle followed during which Clay called for help, and a prison guard promptly arrived and removed Geshick from the cell. As Geshick was being led away, he said to his victim, "I'll get you yet." The knife used was a prison table knife which had been honed and sharpened to a point. Friction tape had been wound around the handle of the knife. The knife pene-

trated about 1¼ inches into the left side of Clay's back, severed a blood vessel, and nicked the outer surface of the left lung. The lung cavity filled with blood and collapsed, requiring 9 days of hospitalization.

Minn. St. 609.17, which deals with attempts, provides in part:

"Subdivision 1. Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime, and may be punished as provided in subdivision 4."

Defendant was charged with attempt to commit murder in the first degree. Section 609.185 provides in part:

"Whoever does either of the following is guilty of murder in the first degree * * *:

"(1) Causes the death of a human being with premeditation and with intent to effect the death of such person or of another; * * *."

It is contended by defendant that all of the facts and circumstances surrounding the alleged offense do not warrant a finding of guilty. Defendant points to a number of circumstances which he claims are inconsistent with an attempt to commit the offense, none of which the jury was required to accept. Defendant's principal argument is that the shallow wound caused by the weapon refutes the notion that the attack was made with the intent to kill the victim.

We have examined the record and are satisfied that the jury could conclude beyond a reasonable doubt that defendant attempted, with premeditation and malice, to commit the act of which he was convicted. The evidence fully establishes deliberate and intentional use of a deadly weapon, the natural result of which could well have led to the victim's death. It is true that preparation for committing a crime is not sufficient to justify a conviction without an overt act or attempt to commit it. State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857. The statute requires that there must be "a substantial step toward, and more than preparation for, the commission of the crime."

It is our view that the evidence fully establishes preparation for the commission of the offense, the means and ability to commit it, and direct,

overt acts toward the commission of the crime after preparation was made. 5A Dunnell, Dig. (3 ed.) § 2414.

Affirmed.