STATE of Minnesota, Respondent,

v.

Robert Lee ARMSTRONG, Appellant.

No. C2–83–1200.

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Robert Armstrong was convicted by a jury of simple robbery in violation of Minn.Stat. § 609.24 (1982). On appeal, he contends the evidence was legally insufficient to justify his conviction, that at the very least his conviction should be reduced to attempted simple robbery, and that the sentence should be reduced from 46 to 23 months. We disagree and affirm.

## FACTS

In the late evening of February 23, 1983, Sergeant David Niebur of the Minneapolis Police Department operated as a decoy in an effort to reduce the number of street robberies in downtown Minneapolis. Niebur was wearing a loud plaid suit, red tie, cowboy boots, cowboy hat and an overcoat. He spilled whiskey on his coat and pretended to be intoxicated. In his right rear pants pocket was a plastic wallet with six marked one dollar bills and eleven fake hundred dollar bills. A cover team sat in a van across the street from Niebur.

Niebur testified that appellant approached and told him that for two dollars he'd get some liquor or girls. Niebur replied he wanted a drink. Appellant then led Niebur to a parking lot and asked to see some money. Niebur refused. Appellant began going through Niebur's pockets. Niebur resisted and appellant put his hand in his own pocket, gestured to imply he had a weapon and said "Don't ... with me man." Appellant then tripped Niebur and

took the wallet. Niebur yelled "police officer" and appellant ran down an alley. Niebur and the other officers gave chase. When appellant refused to stop after being told to do so, Officer Johnson struck appellant with his gun barrel. Niebur's wallet was found ten to thirty feet from where appellant was restrained.

Appellant testified: denied taking anything from Niebur, saying Niebur asked for cigarettes or liquor, put his hand on appellant, and that appellant pushed Niebur's hand away and took off running. Appellant claims he was struck after he had stopped and was kicked in the head and shoulder. Appellant was impeached by his prior convictions for unauthorized use of a motor vehicle, aggravated robbery and simple robbery.

Ron Edwards, President of the Minneapolis Urban League, testified on appellant's behalf, saying Niebur was a chronic and habitual liar.

The jury found appellant guilty of simple robbery. He was sentenced to 46 months consecutive to a sentence for which he was on parole when he committed this offense.

## ISSUE

Was the evidence sufficient to justify appellant's conviction for simple robbery?

## ANALYSIS

1. It is settled that:

In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged.

*State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978).

 In doing so, we construe the record most favorably to the state and assume the evidence supporting the conviction was believed and the contrary evidence disbelieved. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). Weighing the credibility of witnesses is the exclusive function of the jury. *Id; State v. Heinzer*, 347 N.W.2d 535, 538 (Minn.Ct.App.1984).

2. Here, the jury chose to believe Sergeant Niebur's testimony his wallet was taken by appellant. A verdict may be based on the testimony of a single eyewitness. *State v. Burch*, 284 Minn. 300, 313, 170 N.W.2d 543, 552 (1969); *Caldwell v. State*, 347 N.W.2d 824 at 828 (Minn.Ct.App. 1984). Niebur's testimony was also corroborated by other officers who were on or near the scene.

## DECISION

The record supports appellant's conviction for simple robbery. The jury was entitled to disbelieve appellant's version of the facts and to believe the officer's testimony.

Affirmed.