**In the Matter of the
WELFARE OF R.L.N.**

**No. C7–84–2112.**

Court of Appeals of Minnesota.

July 16, 1985.

William R. Kennedy, Hennepin Co. Public Defender, David M. Duffy, Asst. Public Defender, James Schanandore, Law Clerk, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

R.L.N. appeals from an adjudication of delinquency based on an attempted theft in violation of Minn.Stat. § 609.17, subd. 1; § 609.52, subds. 2(1) and 3(5) (1984). He contends the evidence of his intent is insufficient to support the conviction and the trial court erred in excluding certain hearsay statements. We affirm.

## FACTS

The incident giving rise to these charges took place in an apartment building at 6508 N. Zane Avenue. R.L.N. was a 16-year-old runaway who lived in the building with a friend from January through March 1984. On May 3, 1984, at about 10:30 p.m., a tenant named Donald Johnson heard noises in the laundry room and went to investigate. The tenants' storage lockers, located in the laundry room, were approximately seven feet high with an open 18″ by 24″ space from the top of the locker doors to the ceiling. When Johnson entered, R.L.N. was hanging over the top of Johnson's storage locker, looking inside it with the aid of a flashlight. L.H., a friend, was standing nearby. Although some boxes had been moved, nothing was missing from Johnson's locker. Johnson called the police and reported an attempted theft.

At trial R.L.N. testified that while he was living in the building another tenant, Dick Jensen, had encouraged him to sell pornographic video tapes. R.L.N. testified that Jensen had given him beer and shown him some of the tapes. After he moved out, Jensen continued to contact and harass him. When R.L.N. went to the building on May 3, he said he planned to:

> * * * talk to [Jensen] and tell him to leave me alone and stuff and see what he was planning on doing. That's why I brought my friend, because I was real scared about it. And then I was going to take the tapes and, with him, I was going to call the cops and stuff.

R.L.N. said that he could not remember in which apartment Jensen lived, and the mailboxes in the lobby were not labeled with apartment numbers. R.L.N. had reason to believe that the tapes were stored in Jensen's storage locker, and the storage lockers were labeled with apartment numbers. Therefore, he said, when Johnson found him he was searching the storage lockers for the tapes in order to identify Jensen's apartment number.

L.H. testified that R.L.N. asked him to go along in order to find the man who had the tapes and that they intended to turn both the tapes and the man over to the police.

Craig Schmidke, the police officer who responded to the call, testified that R.L.N. told him he was looking for Jensen's locker and was going to "try to find the video tapes so that he could turn them over to the police and then notify the police of what was going on." R.L.N.'s lawyer attempted to elicit a conversation Officer Schmidke had with Jensen, the alleged pornography vendor, but the prosecution objected on hearsay grounds. R.L.N.'s lawyer offered to prove that Officer Schmidke would testify that Jensen approached him and said, "in a joking manner," that R.L.N. would probably say that Jensen was encouraging him to sell pornographic tapes. The trial court sustained the objection on hearsay grounds.

The delinquency petition alleges that R.L.N. "intentionally and without claim of right attempted to take from the possession of [D]onald Johnson certain property contained in a storage locker," in violation of Minn.Stat. § 609.52, subds. 2(1) and 3(5). In finding the petition proved, the trial court rejected R.L.N.'s explanation for being in the laundry room and concluded that "he was trying to steal something from someone:"

> The best I can say is that perhaps he was trying to steal the tapes from Mr. Jensen, which would actually make a little more sense than going into what was unknown in Mr. Johnson's locker. * * *

The only real question that remains in my mind is the transfer of intent issue. And I am finding at this point that it

makes no difference whether he got into the right locker or not, that he is guilty of attempted theft. Whether he was trying to steal from Jensen or steal from Johnson. He was simply in a locker with an intent to steal something from that locker. * * * I am satisfied at this point to rule from the Bench that it does not matter which locker that he was trying to get into * * *. He's criminally culpable for his action.

## ISSUE

Is the evidence of R.L.N.'s intent sufficient to sustain the trial court's conclusion that R.L.N. committed attempted theft?

## ANALYSIS

In reviewing a claim of insufficiency of the evidence, this court is limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, the fact finder could reasonably conclude that the defendant was guilty of the crime charged. *See State v. Armstrong,* 352 N.W.2d 479, 480 (Minn.Ct.App.1984) (citing *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978)).

The trial court found that R.L.N. was "simply in a locker with an intent to steal something from that locker." R.L.N. argues that because the court found that he specifically intended to steal Dick Jensen's video tapes, the evidence is insufficient to show, as the petition alleged, that he intended to steal from Donald Johnson. The State argues that the trial court properly transferred R.L.N.'s intent to steal from Jensen to Johnson.

■ We conclude that no transfer of intent was necessary to prove the elements of the crime. The essential elements of the crime of attempt are: (1) an intent to commit a crime, and (2) a substantial step taken toward the crime's commission. *State v. Olkon,* 299 N.W.2d 89, 104 (Minn.1980). One who does the following commits theft:

Intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of the property * * *.

Minn.Stat. § 609.52, subd. 2(1) (1984). The court would not have to transfer R.L.N.'s intent to find him guilty of attempted theft: whether R.L.N. intended to steal from Johnson or Jensen, his entry of Johnson's locker would constitute a substantial step toward commission of the theft. The criminal intent and the criminal act would relate to the same crime. *See generally* W. LaFave & A. Scott, Handbook on Criminal Law § 34 (1972).

We conclude that the evidence is sufficient to show that R.L.N. intended to steal from either Johnson or Jensen. R.L.N. was found searching a storage locker, in a secretive manner, at night, and he gave an implausible explanation for his presence.

## II

■ R.L.N. also argues that the trial court erred in refusing to admit hearsay statements that Jensen made to Officer Schmidke. He contends the court's ruling violated the rules of evidence, his fifth amendment right to due process of law, and his sixth amendment right to a fair trial.

According to the offer of proof, Jensen's statements to Officer Schmidke would have corroborated R.L.N.'s story about the video tapes and were thus relevant to R.L.N.'s intent. R.L.N. contends the statements were not hearsay because they were not offered to prove the truth of the matter asserted, but were offered merely to show that the statements were made.

Although this evidence is arguably relevant, it is not exculpatory and has little probative value because R.L.N. had no right to steal the tapes even if his purpose was to turn them over to the police, an explanation which the trial court rejected. The court's ruling was within its broad discretion in evidentiary matters and did not violate R.L.N.'s due process rights or his right to a fair trial.

## DECISION

The evidence is sufficient to sustain the trial court's finding that R.L.N. committed attempted theft. The court did not err in excluding Jensen's hearsay statements.

Affirmed.