UNITED STATES of America, Appellee,

v.

Gerard SOLOMON, Appellant.

No. 92–2931.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1993.

Decided July 12, 1993.

Scott F. Tilsen (argued), Minneapolis, MN (Virginia G. Villa and Chris A. Anderson, on brief), for appellant.

Michael W. Ward, Minneapolis, MN, for appellee.

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

After a jury trial, Gerard Solomon was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court[1] enhanced his sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Solomon appeals his sentence and we affirm.

## I.

In 1992, Solomon was convicted of being a felon in possession of a firearm. Because he had three prior convictions, each of which the court found to be a violent felony as defined in the ACCA, the district court enhanced Solomon's sentence. *See* 18 U.S.C. § 924(e). The three prior convictions the district court used to enhance Solomon's sentence were a 1988 burglary conviction, a 1989 burglary conviction, and a 1990 conviction for attempted burglary. Neither party contests the characterization of the two burglary convictions as "violent felonies." *See* 18 U.S.C. § 924(e)(2)(B)(ii) (the term "violent felony" includes burglary). Solomon contends, however, that the district court was not permitted to use his attempted burglary conviction to enhance his sentence because (1) attempted burglary is not a "violent felony" for § 924(e) purposes and, in the alternative, (2) his plea of guilty to the attempted burglary charge was obtained by coercion. We address each of Solomon's contentions.

## II.

### A.

Pursuant to 18 U.S.C. § 924(e), a defendant convicted of being a felon in possession

---

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

of a firearm faces a minimum term of fifteen years' imprisonment if he or she has three prior convictions for violent felonies. Section 924(e) reads in relevant part:

(1) In the case of a person who violates section 922(g) [unlawful possession of a firearm] of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony ... committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1). The statute then defines "violent felony" as follows:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B)(i)–(ii). The parties agree that under Minnesota law attempted burglary does not include "as an element the use, attempted use, or threatened use of physical force against the person of another" as required by subsection (i). They also agree that attempted burglary is not "burglary" as that term has been defined for the purposes of the ACCA. *See Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990) ("generic burglary" for purposes of the ACCA has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"). The issue before this court, therefore, is whether a Minnesota state law conviction for attempted burglary falls within the catch-all provision of the enhancement statute, which classifies any crime that "otherwise involves conduct that presents a serious potential risk

of physical injury to another" as a "violent felony" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

## B.

Minnesota state law defines second degree burglary as follows:

**Burglary in the second degree.** Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, commits burglary in the second degree and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both, if:

(a) the building is a dwelling;

(b) the portion of the building entered contains a banking business or other business of receiving securities or other valuable papers for deposit or safekeeping and the entry is with force or threat of force;

(c) the portion of the building entered contains a pharmacy or other lawful business or practice in which controlled substances are routinely held or stored, and the entry is forcible; or

(d) when entering or while in the building, the burglar possesses a tool to gain access to money or property.

Minn.Stat. § 609.582 subd. 2 (1988). The statutory definition of attempt provides:

Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime....

Minn.Stat. § 609.17 subd. 1 (1986). Solomon argues that a conviction for attempted burglary in Minnesota does not require conduct that poses a sufficiently serious risk of physical injury to fall within the catch-all provision of § 924(e)(2)(B)(ii) and thus that his attempted burglary conviction may not be used to enhance his sentence. We disagree.

The essential elements of the crime of attempt in Minnesota are: "(1) an intent to commit a crime, and (2) a substantial step taken toward the crime's commission." *Mat-*

ter of Welfare of R.L.N., 371 N.W.2d 84, 86 (Minn.Ct.App.1985) (citing *State v. Olkon*, 299 N.W.2d 89, 104 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981)). Mere preparation, without an overt act or an attempt to commit the intended crime, is not enough to sustain a conviction for attempt. *State v. Geshick*, 283 Minn. 380, 168 N.W.2d 331, 332 (1969) (citation omitted). The Advisory Committee Comment to Minnesota's attempt statute reaffirms the limits of the statute's application by concluding that "[w]hat the courts appear to seek is a demonstration that the defendant lacks the capacity to refrain from committing the crime and, therefore, would have committed it except for intervening circumstances." [2] Minn.Stat. § 609.17 advisory committee's comment. In this case, the intended crime is second degree burglary, which requires entry into a building without consent and thus imposes a serious risk of harm to occupants, returning occupants, or interested passersby. *See* Minn.Stat. § 609.581 subd. 2 (1983) (" 'Building' means a structure suitable for affording shelter for *human beings*....") (emphasis added); *see also Taylor*, 495 U.S. at 586–90, 110 S.Ct. at 2152–53 (burglary has an "inherent potential for harm to persons"). Construing the law of attempt in the context of the definition of second degree burglary, we conclude that under Minnesota law only conduct that carries a serious potential risk of physical injury to another may result in a conviction for attempted second degree burglary. In so concluding, we distinguish a conviction for attempted burglary in Minnesota from similar convictions in other states and find the concerns expressed by the courts analyzing those convictions for § 924(e) purposes to be inapplicable to this case. *See United States v. Permenter*, 969 F.2d 911 (10th Cir.1992) (attempted burglary does not fall within the catch-all provision in part because under Oklahoma law "any act" done toward the commission of the attempted crime may provide basis for conviction for

attempt); *United States v. Strahl*, 958 F.2d 980, 986 (10th Cir.1992) ("[A]n attempted burglary conviction [in Utah] may be based upon conduct such as making a duplicate key, 'casing' the targeted building, obtaining floor plans of a structure, or possessing burglary tools."); *United States v. Martinez*, 954 F.2d 1050, 1054 n. 3 (5th Cir.1992) (court expresses concern that under Texas law a defendant could commit attempted burglary "in virtual solitude" and "long before he encountered any other person").

### C.

We conclude that the crime of attempted second degree burglary in Minnesota falls within the catch-all provision of § 924(e)(2)(B)(ii) that includes any crime which "involves conduct that presents a serious potential risk of physical injury to another" and thus amounts to a violent felony for the purposes of § 924(e). *See United States v. O'Brien*, 972 F.2d 47 (3d Cir.1992) (attempted breaking and entering in Massachusetts is a catch-all violent felony for purposes of § 924(e)); *United States v. Payne*, 966 F.2d 4 (1st Cir.1992) (attempted breaking and entering in Massachusetts is a catch-all violent felony for § 924(e) purposes); *United States v. Fish*, 928 F.2d 185 (6th Cir.) (attempted breaking and entering in Michigan is a catch-all violent felony for § 924(e) purposes), *cert. denied*, ─── U.S. ───, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991); *United States v. Lane*, 909 F.2d 895 (6th Cir.1990) (attempted burglary in Ohio is a catch-all violent felony for § 924(e) purposes), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 977 (1991). *But see United States v. Permenter*, 969 F.2d 911 (10th Cir.1988) (attempted burglary in Oklahoma is not a catch-all violent felony for § 924(e) purposes); *United States v. Strahl*, 958 F.2d 980 (10th Cir.1992) (attempted burglary in Utah is not a catch-all violent felony for § 924(e) purposes); *United States v.*

---

**2.** The Committee relies heavily on *State v. Dumas*, 118 Minn. 77, 136 N.W. 311 (1912), in which the court stated:

The overt acts need not be such that, if not interrupted, they must result in the commission of the crime. They must, however, be something more than mere preparation, re-

mote in time and place of the intended crime; but if they are not thus remote, and are done with the specific intent to commit the crime, and directly tend in some substantial degree to accomplish it, they are sufficient to warrant a conviction.

*Id.* 136 N.W. at 314.

*Martinez,* 954 F.2d 1050 (5th Cir.1992) (attempted burglary in Texas is not a catch-all violent felony for § 924(e) purposes).

## II.

Solomon also asserts that the district court erred when it denied his request for a hearing to determine the validity of his conviction for attempted burglary. This court does permit a defendant "to collaterally attack prior convictions at their § 924(e) sentencing proceedings." *United States v. Elliott,* 992 F.2d 853, 855 (8th Cir.1993) (citations omitted). Solomon contends that his guilty plea was coerced as evidenced by the facts that his first plea of guilty was rejected by the trial court and that one of the questions asked of Solomon at the second plea hearing was posed in a confusing, awkward fashion. The district court found, however, that Solomon failed to show any additional evidence he would have presented at a hearing and, based on the record before it, the court denied Solomon's request.

A guilty plea obtained by coercion would violate the federal constitution, *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and thus could not be used to enhance a defendant's sentence under § 924(e). *See United States v. Day,* 949 F.2d 973, 981 (8th Cir.1991) (Because an incompetent defendant may not enter a valid guilty plea, "[g]uilty pleas by incompetent defendants are therefore constitutionally unsound and cannot justify an enhanced sentence.") (citations omitted). At Solomon's first plea hearing, the trial court refused to accept Solomon's plea of guilty to attempted burglary due to a lack of a factual basis for the plea. Approximately one month later, however, at a second hearing, the trial court accepted Solomon's plea of guilty to attempted burglary. Solomon challenges the latter proceeding on the grounds that Solomon gave ambiguous answers to a confusing question regarding the underlying facts that formed the basis for his plea. Solomon bears the burden of proving by a preponderance of the evidence that his prior conviction for attempted burglary was constitutionally invalid. *United States v. Eldridge,* 984 F.2d 943, 947 (8th Cir.1993) (citing *Day,* 949 F.2d at 982).

After a thorough review of the transcripts of both hearings, we agree with the district court that any ambiguity or confusion that arose during the second hearing was adequately clarified by the trial court at the time of the hearing. We conclude that Solomon had the "'opportunity to demonstrate that one or more of the felonies proposed as a basis for his receipt of an enhanced sentence are incapable of that purpose,'" *United States v. Cornelius,* 968 F.2d 703, 706 (8th Cir.1992) (citing *Day,* 949 F.2d at 981), and failed to do so. The district court, therefore, was not clearly erroneous in concluding that Solomon voluntarily entered a plea of guilty to attempted burglary in Minnesota state court in 1990 and in using the attempted burglary conviction to calculate Solomon's sentence in federal court in 1992. *See United States v. Young,* 979 F.2d 1280, 1282 (8th Cir.1992).

## III.

We hold that the district court properly classified Solomon's Minnesota state court conviction for attempted second degree burglary as a "violent felony" for the purpose of enhancing his federal sentence pursuant to the ACCA. The district also did not err in refusing to conduct a hearing regarding the validity of Solomon's plea of guilty to the attempted burglary charge. Accordingly, we affirm Solomon's sentence.