48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jack P. HOLMES, Appellant,
 No. 94-2745.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 17, 1995.
 
 Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jack P. Holmes pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He objected to the enhancement of his sentence based upon an attempted burglary conviction in his criminal history and now appeals. We affirm the district court.[1]
 
 
 2
 Holmes argues that a 1975 attempted burglary conviction did not constitute a "violent felony" which would serve to enhance his sentence under 18 U.S.C. Sec. 924(e) and the Sentencing Guidelines. See U.S.S.G. Sec. 4B1.4 (implementing Sec. 924(e)). Section 924(e)(1) provides a sentence enhancement for anyone who violates 18 U.S.C. Sec. 924(g) and who has three previous convictions for violent felonies or serious drug offenses. A violent felony is any crime punishable by imprisonment for over one year including burglary or other specified crimes, or (as a catch-all measure) conduct which otherwise presents a serious potential risk of physical injury to another person. 18 U.S.C. Sec. 924(e)(2)(B)(ii).
 
 
 3
 The Eighth Circuit has held that an attempted burglary under Minnesota's criminal statute constitutes a violent felony for purposes of section 924(e)(2)(B)(ii). United States v. Solomon, 998 F.2d 587 (8th Cir.), cert. denied, 114 S.Ct. 639 (1993). Solomon argued that a conviction for attempted burglary in Minnesota did not require conduct that posed a sufficiently serious risk of physical injury to fall within the catch-all provision of section 924(e)(2)(B)(ii). The court concluded that only conduct which carries a serious potential risk of physical injury to another may result in a conviction for attempted second degree burglary-the crime that Solomon had committed-because burglary requires entry into a building without consent and thus imposes a serious risk of harm to occupants, returning occupants, or interested passersby. 998 F.2d at 590. In Minnesota, the essential elements of attempted burglary are an intent to commit a crime and a substantial step taken toward the crime's commission; mere preparation without an overt act or an attempt to commit the intended crime is not enough to sustain a conviction for attempt. 998 F.2d at 589-90. Solomon concluded that a conviction under the Minnesota attempted burglary statute qualified as a violent felony under section 924(e)(2)(B)(ii).
 
 
 4
 Holmes pleaded guilty to the crime of attempting to burglarize a drug store in Hot Springs, Arkansas. He was arrested on April 10, 1975. Presentence Report p 24. The attempted burglary statute then in force expressed an implicit concern for people's safety. "The unlawful attempt to break or enter a house, tenement, railroad car, automobile, airplane, or any other building, ... boat, vessel, or water craft, by day or night, with the intent to commit any felony or larceny shall constitute attempted burglary." Ark. Stat. Ann. Sec. 41-1007 (Bobbs-Merrill Supp. 1971) (repealed eff. January 1, 1976). As in Minnesota, this statute is not violated unless something more than mere preparation to commit the substantive offense is shown. See Stewart v. State, 257 Ark. 753, 756, 519 S.W.2d 733, 735, cert. denied, 423 U.S. 859 (1975); Turnage v. State, 182 Ark. 74, 30 S.W.2d 865, 867 (1930).
 
 
 5
 Like the Minnesota statute, the Arkansas statute in effect at the time of Holmes's attempted burglary conviction was concerned with the security of buildings and vessels and the protection of the people who gather within them. Attempted burglary under section 41-1007 therefore qualifies as a violent felony under 18 U.S.C. Sec. 924(e)(2)(B)(ii).
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas