# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4042

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Dewayne Alan Jernigan, | * | |
| | * | **[TO BE PUBLISHED]** |
| Defendant - Appellant. | * | |

_____

Submitted: June 13, 2001

Filed: July 26, 2001

_____

Before LOKEN, HALL,* and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Dewayne Alan Jernigan pleaded guilty to manufacturing and possessing with intent to distribute methamphetamine. He was sentenced to 262 months in prison and five years of supervised release based upon the district court's finding that he is a "career offender" under § 4B1.1 of the Sentencing Guidelines. Jernigan appeals, arguing that the district court erred in sentencing him as a career offender because his

_____

*The HONORABLE CYNTHIA HOLCOMB HALL, United States Circuit Judge for the Ninth Circuit, sitting by designation.

1993 Arkansas conviction for negligent homicide was not a "crime of violence" for purposes of the career offender guideline. We affirm.

Section 4B1.1 subjects a defendant who is a career offender to an increased offense level and criminal history category. An adult convicted of a controlled substance offense is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." It is undisputed that Jernigan has a prior controlled-substance felony conviction. Thus, his sentence as a career offender turns on whether his prior conviction for negligent homicide was a "crime of violence" for career offender sentencing purposes. A "crime of violence" is defined in U.S.S.G. § 4B1.2(a):

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

After listing specific offenses that are crimes of violence, including manslaughter and aggravated assault, Application Note 1 to § 4B1.2 provides that other offenses are included if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another."

The following conduct led to Jernigan's negligent homicide conviction. Shortly after midnight on May 19, 1993, while he was attempting to pass another vehicle during a rainstorm, Jernigan's truck collided with the rear of the other vehicle, forcing it off the road into a tree and killing the other driver. Blood-alcohol tests at the scene

indicated that Jernigan was driving under the influence of alcohol, as defined by Arkansas law. He was initially charged with manslaughter. He ultimately pleaded guilty to negligent homicide while operating a vehicle while intoxicated or under the influence, a felony violation of ARK. CODE ANN. § 5-10-105(a)(1).

In United States v. Rutherford, 54 F.3d 370 (7th Cir.), cert. denied, 516 U.S. 924 (1995), the Seventh Circuit held that a felony assault conviction for causing serious bodily injury while driving under the influence of alcohol was a crime of violence for career offender purposes. The majority concluded that felony driving-while-intoxicated falls within the "otherwise" clause in U.S.S.G. § 4B1.2(a)(2) because "[d]runk driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well-known." 54 F.3d at 376. Judge Easterbrook in a concurring opinion did not reach that issue, concluding that the assault conviction at issue was a crime of violence because "*every* conviction of first-degree assault in Alabama entails 'serious bodily injury,' and a category of acts 100% of which end in 'serious bodily injury' necessarily 'presents a serious potential risk of physical injury to another.'" Id. at 379 (emphasis in original).

In United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000), the Fifth Circuit followed the majority in Rutherford and held that driving while intoxicated is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(B), which incorporates by reference the definition in § 4B1.2(a), because "the very nature of the crime of DWI presents a 'serious risk of physical injury' to others, and makes DWI a crime of violence."

On appeal, Jernigan argues that manslaughter is specifically listed as a crime of violence in Application Note 1 to § 4B1.2(a), that negligent homicide requires proof of a less culpable mental state than manslaughter, and therefore that the Sentencing Commission's failure to include negligent homicide in its list of specified offenses means that it is not a crime of violence for career offender purposes. Like the Seventh

Circuit and the Fifth Circuit, we disagree. Both the "otherwise" clause in § 4B1.2(a)(2) and the "other offenses" sentence in Application Note 1 make it clear that the crimes of violence listed in Note 1 are not intended to be all-inclusive. When considering a prior felony offense that is not specifically listed, the issue is whether the conduct underlying the offense "presents a serious potential risk of physical injury to another." Driving while intoxicated or under the influence of alcohol presents a well-known risk of an automobile accident. In this case, as in Rutherford, that risk-laden conduct in fact resulted in a felony conviction for seriously injuring or killing another person. We agree with Judge Easterbrook's concurring opinion in Rutherford -- the conduct underlying that offense meets the criteria of a crime of violence under § 4B1.2(a). We leave for another day the issue presented in DeSantiago-Gonzalez -- whether a DWI offense that does not result in injury or death is a crime of violence.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-