# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1143

_____

United States of America,     *
            *
    Appellee,     *
            * Appeal from the United States
  v.         * District Court for the
            * Eastern District of Missouri.
Timothy Jerome McCall,    *
            *
    Appellant.    *

_____

Submitted: September 13, 2004
Filed:  February 4, 2005

_____

Before RILEY, LAY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

We are again asked whether a felony conviction for driving while intoxicated (DWI) is a violent felony under the Armed Career Criminal Act of 1984 (ACCA). 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as a felony involving "conduct that presents a serious potential risk of physical injury to another"). Concluding a felony DWI conviction is a violent felony, the district court sentenced Timothy McCall (McCall) as an armed career criminal under the ACCA based on his conviction for felon in possession of a firearm and three felony DWI convictions. We reverse.

## I. *Background*

McCall was indicted in April 2003 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment also charged McCall with being an armed career criminal, in violation of 18 U.S.C. § 924(e), based on McCall's three felony DWI convictions. McCall pled guilty to being a felon in possession of a firearm. The presentence investigation report (PSR) recommended an offense level of 30. This level was based on an enhanced sentence under the ACCA for McCall's three felony DWI convictions, as well as a three-level reduction for acceptance of responsibility. *See* U.S.S.G. §§ 4B1.4(b)(3)(B) (setting an offense level of 33 for an armed career criminal under the ACCA), 3E1.1(a)–(b) (providing a three-level reduction for acceptance of responsibility). The PSR also calculated McCall's criminal history category at level V. Based on the mandatory fifteen year minimum term of imprisonment set by the ACCA, 18 U.S.C. § 924(e)(1), an offense level of 30, and a criminal history category of V, the PSR stated the sentencing range under the United States Sentencing Guidelines (Guidelines) was between 180 and 188 months' imprisonment.

At sentencing, the district court considered whether McCall's three felony DWI convictions mandated he be sentenced as an armed career criminal. The district court addressed whether a felony DWI conviction is a violent felony under the ACCA, i.e., whether a felony DWI "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The district court concluded this language "clearly indicates that the consideration is whether there is a risk of injury to others, and clearly this type of offense [i.e., felony DWI] poses a risk to others who may be on the highways or byways within the state." Finding McCall's felony DWI convictions were violent felonies under the ACCA, the district court sentenced McCall to the mandatory minimum of 180 months' imprisonment, as well as five years of supervised release. Arguing that the district court erroneously held McCall's felony DWI convictions are violent felonies, McCall appeals, requesting he "be resentenced without the application of 18 U.S.C. § 924(e)."

## II. *Discussion*

The ACCA mandates any person who violates 18 U.S.C. § 922(g), which McCall admittedly did, and has three previous convictions for a violent felony shall be "imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Congress defined a violent felony as a felony involving "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 4B1.4 of the Guidelines implements the ACCA. In deciding this appeal, we review de novo the district court's determination that a felony DWI constitutes a violent felony under the ACCA. *United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir. 2002).

In *United States v. Jernigan*, 257 F.3d 865 (8th Cir. 2001), we declined to decide whether a DWI not resulting in injury was a crime of violence under § 4B1.2(a). In our ruling, we discussed cases from two other circuits. We noted that the Seventh Circuit "held that a felony assault conviction for causing serious bodily injury while driving under the influence of alcohol was a crime of violence for career offender purposes[,] . . . because '[d]runk driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well-known.'" *Id.* at 866 (quoting *United States v. Rutherford*, 54 F.3d 370, 376 (7th Cir. 1995)). In *Jernigan* we recognized that the Seventh Circuit in *Rutherford* decided a felony DWI is a crime of violence under the Guidelines and noted that Judge Easterbrook concurred only in the result. Judge Easterbrook chose not to address the general issue of whether a felony DWI conviction is a crime of violence, because the crime actually involved serious bodily injury. *Id.*

We also discussed *United States v. DeSantiago-Gonzalez*, 207 F.3d 261 (5th Cir. 2000), in which "the Fifth Circuit followed the majority in *Rutherford* and held that DWI is a crime of violence for purposes of [U.S.S.G. § 4B1.2(a)], because 'the very nature of the crime of DWI presents a 'serious risk of physical injury' to others, and makes DWI a crime of violence.'" *Jernigan*, 257 F.3d at 866 (quoting

*DeSantiago-Gonzalez*, 207 F.3d at 264). Although we recognized a DWI "presents a well-known risk of an automobile accident," we were content to follow Judge Easterbrook's concurrence in *Rutherford*, holding the crime of which the defendant had been convicted was a crime of violence because the conduct underlying the offense actually resulted in serious injury to another person. *Id.* at 867. The court left "for another day the issue presented in *DeSantiago-Gonzalez—whether* a DWI offense that does not result in injury or death is a crime of violence." *Id.* This issue has now been resolved.

In *United States v. Walker*, — F.3d — , No. 04-1223, 2005 WL 66272 (8th Cir. Jan. 6, 2005), we decided that a felony DWI is not a violent felony under the ACCA. An individual is a career offender under U.S.S.G. § 4B1.1(a) if he has two felony convictions for a crime of violence. The Guidelines define a crime of violence to include "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). It is no surprise that the definition of a crime of violence in § 4B1.2 mirrors the definition of a violent felony in the ACCA. In 1989, the definition of a crime of violence under § 4B1.2 was amended, and the current definition "is derived from 18 U.S.C. § 924(e) [i.e., the ACCA]." U.S.S.G. app. C, amend. 268 (1989).

McCall contends that the language of 18 U.S.C. § 16(b) is analogous to § 924(e). While the Supreme Court held in *Leocal v. Ashcroft*, 125 S. Ct. 377, 383 (2004), that §§ 16(b) and 4B1.2(a) are linguistically different, the Court cited language from then Chief Judge Breyer's opinion in *United States v. Doe*, 960 F.2d 221 (1st Cir. 1992), determining DWI not to be a crime of violence under § 16(b):

> [T]o read the statute . . . to cover firearm possession [] would also bring within the statute's scope a host of other crimes that do not seem to belong there. To include possession [of a firearm], one would have to focus on the risk of direct future harm that present conduct poses. But, how could one then exclude, say, drunken driving or unlawful

transportation of hazardous chemicals or other risk-creating crimes very unlike the burglary, arson, extortion, and explosives use that the statute mentions? *There is no reason to believe that Congress meant to enhance sentences based on, say, proof of drunken driving convictions*. Rather, we must read the definition in light of the term to be defined, 'violent felony,' which calls to mind a tradition of crimes that involve the possibility of more closely related, active violence.

*Id.* at 225 (emphasis added); *Walker*, — F.3d — , 2005 WL 66272, at \*6. "This passage addresses the exact language under consideration here, albeit in 18 U.S.C. § 924(e) rather than in U.S.S.G. § 4B1.2." *Id.*

McCall argues that DWI is not a crime of violence that "otherwise involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2). McCall is correct. As we said in *Walker*:

The otherwise clause of § 4B1.2(2) follows an enumeration of specific crimes: burglary of a dwelling, arson, extortion, and crimes that involve the use of explosives. Where general words follow specific words in a statutory enumeration, the established interpretative canons of *noscitur a sociis* and *ejusdem generis* provide that the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.

*Walker*, — F.3d — , 2005 WL 66272, \*3. This conclusion is "reinforced by the legislative history of the statute from which the guideline is derived." *Id.* at \*4. DWI is not similar to the crimes listed in § 4B1.2(a)(2), therefore, "under the rule of *ejusdem generis*, [DWI] is not encompassed by the general language that follows." *Id.* at \*6.

For the foregoing reasons we conclude a felony DWI is not a violent felony under the ACCA. Therefore, we reverse the district court's judgment and sentence.

RILEY, Circuit Judge, concurring.

Based on the controlling effect of recent precedent of this circuit, see United States v. Walker, 393 F.3d 819, 828 (8th Cir. 2005) (holding that operating a motor vehicle while intoxicated does not constitute a crime of violence under U.S.S.G. § 4B1.2(a)), I must concur in the result reached in this case. If not bound by precedent, I would hold a felony conviction for driving while intoxicated (DWI) is a violent felony under the plain language contained in the Armed Career Criminal Act of 1984 (ACCA). 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as a felony involving "conduct that presents a serious potential risk of physical injury to another"); see also U.S.S.G. § 4B1.2(a)(2) (mirror-image of the ACCA's definition of violent felony for the Guidelines' definition of crime of violence). Our circuit's avoidance of such a holding contradicts the plain language of the ACCA, rejects our court's common-sense approach[1] to what constitutes a violent felony, spawns conflict with two other circuits, and creates tension with existing Eighth Circuit cases.

When this panel began its work on this case, our court had intimated a felony DWI fits the ACCA's definition of a violent felony. In United States v. Jernigan, 257 F.3d 865, 867 (8th Cir. 2001), the court asked whether the conduct underlying the offense of negligent homicide when operating a motor vehicle while intoxicated "presents a serious potential risk of injury to another," i.e., whether such conduct constituted a crime of violence under section 4B1.2(a) of the Guidelines. The court in Jernigan had little difficulty holding the defendant had been convicted of a crime of violence because the "risk-laden conduct [i.e., DWI] in fact resulted in a felony conviction for seriously injuring or killing another person." Id. In reaching this decision, the court noted the Seventh Circuit has "held that a felony assault conviction for causing serious bodily injury while driving under the influence of alcohol was a crime of violence for career offender purposes[,] . . . because '[d]runk

[1]See United States v. Sun Bear, 307 F.3d 747, 752 (8th Cir. 2002).

-6-

driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well-known.'" Id. at 866 (alteration in original) (quoting United States v. Rutherford, 54 F.3d 370, 376 (7th Cir. 1995)). The court in Jernigan also discussed United States v. DeSantiago-Gonzalez, 207 F.3d 261 (5th Cir. 2000), in which "the Fifth Circuit followed the majority in Rutherford and held that driving while intoxicated is a crime of violence for purposes of [U.S.S.G. § 4B1.2(a)], because 'the very nature of the crime of DWI presents a "serious risk of physical injury" to others, and makes DWI a crime of violence.'" Jernigan, 257 F.3d at 866 (quoting DeSantiago-Gonzalez, 207 F.3d at 264). Thus, our court's decision in Walker that operating a motor vehicle while intoxicated is not a crime of violence has created a conflict with the logic employed by the Fifth and Seventh Circuits in holding DWI is a crime of violence.

Although our court in Walker rejected the reasoning employed by the Fifth and Seventh Circuits in analogous cases, the court instead relied, in part, on confusing dicta in United States v. Doe, 960 F.2d 221 (1st Cir. 1992), as well as the Supreme Court's recent interpretation and application of 18 U.S.C. § 16(b) in Leocal v. Ashcroft, 125 S. Ct. 377 (2004). Such reliance is misplaced. First, the First Circuit's passing discussion of drunk driving in the context of deciding that being a felon in possession (FIP) of a firearm is not a violent felony under the ACCA was wholly fortuitous and gratuitous. See Doe, 960 F.2d at 225. The holding in Doe that an FIP conviction is not a violent felony has no bearing on whether DWI "involves conduct that presents a serious potential risk of physical injury to another."

Second, the Supreme Court's determination in Leocal that DWI is not a crime of violence under 18 U.S.C. § 16(b) also should have little bearing on the resolution of whether DWI is a violent felony under the ACCA. 18 U.S.C. § 16(b) defines crime of violence as an offense involving "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The ACCA is much broader, and includes any "conduct that presents a serious

-7-

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). By using completely different language in section 16(b) and section 924(e), Congress undoubtedly expressed its intent for courts to focus on the use of force under section 16(b), and on the risk of injury under the ACCA. See Leocal, 125 S. Ct. at 379, 383 n.7 (holding a DWI "conviction is not a crime of violence under 18 U.S.C. § 16," but recognizing "§ 16(b) plainly does not encompass all offenses which create a 'substantial risk' that injury will result from a person's conduct[, and] . . . § 16(b) relates to the use of force, not to the possible effect of a person's conduct," thus "[t]he risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may 'use' physical force against another in committing the [DWI] offense"); Bazan-Reyes v. INS, 256 F.3d 600, 610 (7th Cir. 2001) (acknowledging "significant differences between the language" used to define a crime of violence in section 16(b) and the language used to define a violent felony in the ACCA); see also Omar v. INS, 298 F.3d 710, 723 (8th Cir. 2002) (implicitly recognizing the differences between section 16(b) and the ACCA: "Many offenses involve a substantial risk of injury but do not involve the use of force.") (Heaney, J., dissenting), overruled by Leocal, 125 S. Ct. at 380.

Abiding by our common-sense approach construing the ACCA's plain language and consistent with the pronouncements of the Fifth and Seventh Circuits, DWI, by its very nature, "involves conduct that presents a serious potential risk of physical injury to another."[2] Indeed, if drunk driving did not "involve conduct that presents a serious potential risk of physical injury to another," why is it even a crime? The fundamental purpose for criminalizing DWI is an acknowledgment of the unacceptable and serious potential risk of physical injury to the innocent public as well as to the offender himself.

---

[2]The district court agreed, concluding felony DWI clearly "poses a risk to others who may be on the highways or byways within the state."

According to statistics cited by the National Highway Traffic Safety Administration (NHTSA) in April 2004: (1) "Impaired driving is the most frequently committed violent crime in the United States"; and (2) "Every 30 minutes, someone is killed in the United States in an alcohol-related crash."[3] According to a public opinion poll sponsored by the NHTSA and conducted by the Gallup Organization, "[t]he driving age public sees drinking and driving as a serious problem that needs to be addressed. Virtually all (97%) see drinking and driving by others as a threat to their own personal safety and that of their family. With 77% naming [drinking and driving] a major threat. Multiple offenders are seen as even a greater threat (84% major threat)."[4] The serious potential risk of physical injury in a DWI is overwhelmingly recognized by the public, and, presumably, by Congress, but not by our court. If impaired driving is anywhere near "the most frequently committed violent crime in the United States" and if someone dies every 30 minutes from an alcohol-related crash, why does DWI not present a serious potential risk of physical injury to another and qualify as a violent felony under the ACCA?

The extensive list of innocent DWI victims is compelling. Imagine looking into the eyes of family members who lost a loved one to a drunk driver and telling them the drunk driver's conduct did not present "a serious potential risk of physical injury to another." Our court in <u>Jernigan</u> recognized as much when we referred to DWI as "risk-laden conduct" that "presents a well-known risk of an automobile accident." <u>Jernigan</u>, 257 F.3d at 867. Our court now rejects that view, and, in the process, rejects the common-sense observations made by the Seventh Circuit in <u>Rutherford</u>:

---

[3] Open Container Traffic Safety Fact Sheet, <u>available at</u> http://www.nhtsa.dot.gov/people/injury/New-fact-sheet03/OpenContainer.pdf.

[4] Gallup Organization, <u>2001 Nat'l Survey of Drinking and Driving</u>, at 8, <u>available at</u> http://www.nhtsa.dot.gov/people/injury/alcohol/marvin-drink-drive01/volISum.pdf.

Drunk driving is a reckless act, perhaps an act of gross recklessness. Any drunk driver who takes to the road should know he runs a risk of injuring another person. . . . The dangers of drunk driving are well-known and well documented. Unlike other acts that may present some risk of physical injury, . . . the risk of injury from drunk driving is neither conjectural nor speculative. Driving under the influence vastly increases the probability that the driver will injure someone in an accident. . . . Drunk driving is a reckless act that often results in injury, and the risks of driving while intoxicated are well-known. This is sufficient to satisfy the 'serious risk' standard of the [career offender Guideline].

Rutherford, 54 F.3d at 376-77; see also DeSantiago-Gonzalez, 207 F.3d at 264 (stating "as a result of the inherent risk of physical injury associated with drunk driving in general and without regard to the circumstances of any particular case, we join the Seventh Circuit in holding that by its very nature, the crime of driving while intoxicated is a crime of violence").[5]

Holding a felony DWI is not a violent felony under the ACCA also creates tension with our circuit's precedent on what convictions constitute crimes of violence under the Guidelines or violent felonies under the ACCA. See, e.g., Sun Bear, 307 F.3d at 751-52 (holding attempted theft of an operable vehicle "involves conduct that presents a serious potential risk of physical injury to another"); United States v.

---

[5]Although the underlying circumstances of McCall's three felony DWI convictions are irrelevant to our analysis of whether those convictions are violent felonies under the ACCA, see United States v. Abernathy, 277 F.3d 1048, 1051 (8th Cir. 2002), I find it instructive to note what happened in the past when McCall drove while intoxicated. McCall's DWI convictions involved driving his vehicle off a rural road and into a ditch; striking a sign and leaving the scene; being involved in a motor vehicle accident while driving westbound in the eastbound lane of a divided highway; and running over curbs while evading police. The specific circumstances surrounding each of McCall's DWI convictions underscore how DWI "involves conduct that presents a serious potential risk of physical injury to another."

Nation, 243 F.3d 467, 472 (8th Cir. 2001) (holding "every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others," because escape "is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so") (quoting United States v. Gosling, 39 F.3d 1140, 1142 (10th Cir. 1994)); United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996) (holding "second-degree burglary of a commercial building involves conduct that presents a serious potential risk of physical injury to another"); United States v. Solomon, 998 F.2d 587, 590 (8th Cir. 1993) (holding attempted second-degree burglary is a violent felony under the ACCA because it "involves conduct that presents a serious potential risk of physical injury to another").

Comparing the risks associated with DWI with the risks associated with attempted thefts of operable vehicles, walkaway escapes, and burglaries of commercial buildings, a common-sense approach must lead one to conclude the risk of injury to another person is just as great–if not greater–when an intoxicated person operates a motor vehicle.[6] By ignoring this reality and concluding DWI does not involve "conduct that presents a serious potential risk of physical injury to another," our court has implicitly rejected our holdings and reasoning in Sun Bear, Nation, Hascall, and Solomon.

Finally, I do not mean to bang the drum too loudly. Reasonable minds certainly can, and do, differ on this issue. Even the Seventh Circuit in Rutherford was concerned the Sentencing Commission may not have intended DWI categorically to constitute a crime of violence for career offender purposes. Rutherford, 54 F.3d at

---

[6]Indeed, parents routinely implore their children not to drink and drive and never to ride in a vehicle driven by a drunk friend. This common-sense, parental advice is not inspired by a dislike of drunk drivers as people, but through the wise counsel that DWI "presents a serious potential risk of physical injury" to their children and others.

-11-

377 ("invit[ing] the Commission to re-evaluate its definition of crime of violence and to determine whether every person convicted of felony drunk driving should therefore have one of the two prior convictions for a crime of violence necessary for career offender status"). However, the Seventh Circuit recognized its role is to enforce the Guidelines, and the court was unable to escape the Commission's plain language dictating that a felony DWI constitutes a crime of violence. Id. Congress may not have contemplated explicitly whether to snare every felony DWI conviction in the ACCA web. However, we should not ignore the plain language Congress used in defining a violent felony in the ACCA while knowing the serious potential risk of physical injury to others occurring every day when impaired people drive.

Based on the ACCA's plain language, other circuits' reasoning, and our common-sense precedent involving other crimes, I would hold a felony DWI is a violent felony under the ACCA. Because Walker now precludes such a holding, I concur.

_____