# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2278

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| Norman Dale Unverzagt, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

_____

Submitted: January 9, 2006
Filed: February 16, 2006

_____

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Norman Dale Unverzagt plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] found that Unverzagt had three prior convictions for "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The district court imposed the mandatory minimum sentence of 180 months under that statute.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Unverzagt appeals, arguing that two of his prior convictions were for burglaries of commercial buildings and should not be treated as "violent felonies" for purposes of the Armed Career Criminal Act. Unverzagt's arguments are foreclosed by the Supreme Court's opinion in Taylor v. United States, 495 U.S. 575, 599 (1990) (holding that a categorical approach is used to determine if a prior conviction involved statutory elements that showed "generic burglary," i.e., unlawful entry into, or remaining in, a building or structure with the intent to commit a crime). Unverzagt's arguments are also foreclosed by numerous cases from our circuit that follow Taylor and hold that burglaries of commercial buildings are "violent felonies" under § 924(e)(1). See United States v. Smith, 422 F.3d 715, 721 (8th Cir. 2005) ("The guidelines definition of crime of violence found in § 4B1.2 is also viewed as interchangeable with the statutory definition of violent felony found in 18 U.S.C. § 924(e)."); United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002) (holding that attempted burglary of a commercial property qualified as a "crime of violence" under U.S.S.G. § 4B1.2); United States v. Hascall, 76 F.3d 902, 905 (8th Cir. 1996) ("Building or structure in this generic definition is broad enough to include both a commercial building and a residence."); United States v. Solomon, 998 F.2d 587, 590-91 (8th Cir. 1993) (holding that attempted second degree robbery under Minnesota law qualified as a "violent felony" under § 924(e)(2)(B)(ii)).

The judgment of the district court is affirmed.

_____