# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2159

_____

United States of America,          *
                                   *
          Plaintiff - Appellee,    *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Southern District of Iowa.
James Daryl Heikes,                *
                                   *
          Defendant - Appellant.   *

_____

Submitted: January 17, 2008
Filed: May 15, 2008

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

James Daryl Heikes appeals his enhanced fifteen-year sentence, imposed by the district court after finding he was an armed career criminal under 18 U.S.C. § 924(e)(1) (2000 ed., Supp. V). We vacate the sentence because of Begay v. United States, No. 06-11543, 2008 WL 1733270 (April 16, 2008), and are required to remand for resentencing.

# I

On June 14, 2005, Heikes was charged in a three count indictment: one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of being a drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and one count of possession of a firearm following a misdemeanor conviction of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The offenses all occurred on March 13, 2005. Pursuant to a plea agreement, he pleaded guilty to Count 2, being a drug user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

Ordinarily, an offender convicted of being a felon in possession of a firearm faces a maximum prison term of ten years. § 924(a)(2). The Armed Career Criminal Act, however, imposes a more stringent mandatory fifteen year minimum prison term upon felons who unlawfully possess a firearm in violation of § 922(g), and who also have three or more previous convictions for certain drug crimes or "violent felon[ies]." § 924(e)(1).

Heikes's criminal history includes three prior felony convictions for operating a motor vehicle while intoxicated (DWI) and one misdemeanor domestic abuse assault. For a brief period of time between February 4, 2005, and April 21, 2005, the law in this Circuit was a felony DWI was not a "crime of violence" under the Career Offender guideline U.S.S.G. § 4B1.1, United States v. Walker, 393 F.3d 819, 828 (8th Cir. 2005), rejected en banc by United States v. McCall, 439 F.3d 967 (8th Cir. 2006) (McCall II), or a "violent felony" for purposes of the sentencing enhancements imposed by the Armed Career Criminal Act, United States v. McCall, 397 F.3d 1028, 1031 (8th Cir. 2005) (McCall I), vacated on April 21, 2005, rev'd en banc, 439 F.3d 967 (8th Cir. 2006), overruled by Begay v. United States, No. 06-11543, 2008 WL 1733270 (April 16, 2008). Heikes's offense conduct occurred during this period on March 13, 2005, eight days before the government filed its motion for en banc

rehearing of the McCall I case. On March 15, 2006, in McCall II, our en banc court held a DWI is a violent felony for purposes of the Armed Career Criminal Act. 439 F.3d at 972, 974.

Heikes's plea agreement stated his sentence was solely within the discretion of the district court and could be based on his qualification for application of the armed career criminal guideline. The district court applied the armed career criminal guideline and sentenced him to the statutory minimum of fifteen years imprisonment. The plea agreement contains a limited waiver of Heikes's right to appeal, and was modified by agreement of the parties on the record at the plea hearing to allow for appeal of an illegal or unreasonable sentence.

II

While this appeal was pending, the Supreme Court overruled our interpretation of § 924(e)(1) and held driving under the influence of alcohol is not a violent felony as defined in the Armed Career Criminal Act. Begay, 2008 WL at *2, *7. When the Supreme Court changes the law while a defendant's case is pending on appeal, the plain error principle applies. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (citing Johnson v. United States, 520 U.S. 461, 467-68 (1997)); Fed. R. Crim. Proc. 52(b). Under Federal Rule of Criminal Procedure 52(b), an appellate court may exercise its discretion to correct an error which is plain and affects substantial rights if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Johnson, 520 U.S. at 466-67.

We hold the Supreme Court's decision in Begay entitles Heikes to plain error relief because his three DWI convictions do not qualify as violent felonies under the Armed Career Criminal Act. Begay, 2008 WL at *2, *7. Heikes is not subject to the penalties of § 924(e)(1) and the district court plainly erred by imposing such penalties upon him. This error affected his substantial rights by dramatically increasing his

advisory sentencing guidelines range and by further subjecting him to a mandatory minimum sentence of fifteen years imprisonment, five years in excess of the statutory maximum sentence for his crime.  See United States v. Brandon, Nos. 07-1913, 07-2031, 2008 WL 918715 at *8 (8th Cir. April 7, 2008) ("Substantial rights are affected if [defendant] would have received a more favorable sentence absent the error."); United States v. Burnette, 518 F.3d 942, 947 (8th Cir. 2008) ("In sentencing, an error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error.").[1]

## III

Accordingly, we vacate Heikes's sentence and remand to the district court for resentencing without application of the Career Offender guideline, §4B1.1, or the sentencing enhancements imposed by the Armed Career Criminal Act, § 924(e)(1).

_____

_____

[1]Heikes argues he was denied due process fair warning that his felony DWI convictions would make him an armed career criminal and elevate his sentence five years beyond the statutory maximum of ten years because at the time of his offense conduct, the law in this Circuit was a felony DWI was not a "crime of violence" or a "violent felony" for purposes of either the career offender or armed career criminal sentencing enhancement.  He further argues his counsel was constitutionally ineffective for failing to raise the issue with the court.  Heikes's due process arguments are moot after the Supreme Court's recent decision in Begay.